**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JAMES MARTIN PAGE, on behalf of himself and all similarly situated | : | **Civil Action No. 26-03438-BRM-AME** |
|  | : |  |
| Plaintiff, | : | **ORDER FOR ADMISSION** |
|  | : | **PRO HAC VICE of** |
|  | : | **TRENT STERNECK** |
| v. | : |  |
|  | : |  |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

This matter having come before the Court on the motion by Allison M. Wuertz, Esq., of the law firm Hogan Lovells US LLP, attorneys for defendant Jaguar Land Rover North America, LLC ("JLRNA") for the pro hac vice admission of Trent Sterneck, Esq., pursuant to Local Civil Rule 101.1 [D.E. __ ]; and the Court having considered the submissions in support of the motion, which reflect that Mr. Sterneck satisfies the requirements set forth in Rule 101.1(c) of the Local Rules of the United States District Court for the District of New Jersey; and Plaintiff having no objection to the admission of this attorney; and for good cause shown,

**IT IS** on this _____ day of _____, 2026,

**ORDERED** that the motion for the pro hac vice admission of Trent Sterneck, Esq., [D.E. __ ] is **GRANTED**; and it is further

**ORDERED** that Trent Sterneck, a member in good standing of the Bar of the District of Columbia, be permitted to appear pro hac vice in the above-captioned matter pursuant to Local Civil Rule 101.1(c); and it is further

**ORDERED** that, in connection with this admission pro hac vice, Mr. Sterneck shall comply with the following:

1. Abide by Local Civil Rule 101.1(c) and all rules of this Court, including all disciplinary rules;

2. Make all required payments to the New Jersey Lawyers' Fund for Client Protection (the "Fund") in accordance with Local Civil Rule 101.1(c)(2) and New Jersey Court Rule 1:28-2(a), and continue to make payment, or cause payment to be made, for each calendar year in which he continues to represent JLRNA before this Court;

3. Pay $250.00 to the Clerk of the United States District Court for the District of New Jersey for admission pro hac vice in accordance with Local Civil Rule 101.1(c)(3), if he has not already done so in connection with this action; and

4. Be deemed to have agreed to take no fee in any tort case in excess of New Jersey Court Rule 1:21-7 governing contingent fees, in accordance with Local Civil Rule 101.1(c)(4); and it is further

**ORDERED** that movant Allison M. Wuertz, or another attorney associated with the law firm Hogan Lovells US LLP who is admitted to practice law in this District, shall (a) be attorney of record in this case in accordance with Local Civil Rule 101.1(c); (b) promptly notify his or her specially admitted associate of their receipt of any notices, orders and pleadings not served on such specially admitted associate; (c) file any papers; (d) enter any appearances for parties; (e) sign any stipulations submitted to this Court; and (f) sign and receive any payments on any judgments, decrees or orders; and it is further

**ORDERED** that Mr. Sterneck may file a request with the Clerk of the Court, using the form made available on the District Court's website, for pro hac vice counsel to receive electronic notifications in this matter; and it is further

**ORDERED** a copy of this Order shall be served on all parties within seven (7) days of

the date hereof.

ANDRÉ M. ESPINOSA
United States Magistrate Judge