**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES MARTIN PAGE, on behalf of himself and all others similarly situated, | Case No. 2:26-cv-03438-BRM-AME |
| Plaintiff, | |
| vs. | **ORDER FOR ADMISSION** *PRO HAC VICE* **of** **THEODORE A. C. HARGROVE II** |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, | |
| Defendant. | |

This matter having come before the Court on the motion by Mitchell Breit, Esq., of the law firm Milberg, PLLC, attorney for Plaintiff James Martin Page ("Plaintiff") for the pro hac vice admission of Theodore A. C. Hargrove II, pursuant to Local Civil Rule 101.1 [D.E. __ ]; and the Court having considered the submissions in support of the motion, which reflect that Mr. Hargrove satisfies the requirements set forth in Rule 101.1(c) of the Local Rules of the United States District Court for the District of New Jersey; and Defendant having no objection to the admission of this attorney; and for good cause shown,

**IT IS** on this _____ day of _____, 2026,

**ORDERED** that the motion for the pro hac vice admission of Theodore A. C. Hargrove, II [D.E. __ ] is **GRANTED**; and it is further

**ORDERED** that Theodore A. C. Hargrove, II, a member of good standing of the State Bar of South Carolina, be permitted to appear pro hac vice in the above-captioned matter pursuant to Local Civil Rule 101.1(c); and it is further

**ORDERED** that, in connection with this admission pro hac vice, Mr. Hargrove shall comply with the following:

1. Abide by Local Civil Rule 101.1(c) and all rules of this Court, including all disciplinary rules;

2. Make all required payments to the New Jersey Lawyers' Fund for Client Protection (the "Fund") in accordance with Local Civil Rule 101.1(c)(2) and New Jersey Court Rule 1:28-2(a), and continue to make payment, or cause payment to be made, for each calendar year in which he continues to represent Plaintiffs before this Court;

3. Pay $250.00 to the Clerk of the United States District Court for the District of New Jersey for admission pro hac vice in accordance with Local Civil Rule 101.1(c)(3), if he has not already done so in connection with this action; and

4. Be deemed to have agreed to take no fee in any tort case in excess of New Jersey Court Rule 1:21-7 governing contingent fees, in accordance with Local Civil Rule 101.1(c)(4); and it is further

**ORDERED** that movant Mitchell Breit shall (a) be attorney of record in this case in accordance with Local Civil Rule 101.1(c); (b) promptly notify his specially admitted associate of their receipt of any notices, orders and pleadings not served on such specially admitted associate; (c) file any papers; (d) enter any appearance for parties; (e) sign any stipulations submitted to this Court; and (f) sign and receive any payments on any judgments, decrees or orders; and it is further

**ORDERED** that Mr. Hargrove may file a request with the Clerk of the Court, using the form made available on the District Court's website, for pro hac vice counsel to receive electronic notifications in this matter; and it is further

**ORDERED** a copy of this Order shall be served on all parties within seven (7) days of the date hereof.

ANDRÉ M. ESPINOSA
United States Magistrate Judge

3