**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JAMES MARTIN PAGE, on behalf of himself and all others similarly situated, | : : : **Civil Action No. 26-03438-BRM-AME** |
| Plaintiff, | : **ORDER FOR ADMISSION** |
| | : **PRO HAC VICE of** |
| v. | : **T. CHRISTOPHER TUCK** |
| | : |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, | : : |
| | : |
| Defendant. | : |
| | : |

This matter having come before the Court on the unopposed motion by Mitchell Breit,

Esq., of the law firm Milberg, PLLC, attorneys for plaintiff James Martin Page ("Plaintiff") for

the pro hac vice admission of T. Christopher Tuck, Esq., pursuant to L. Civ. R. 101.1 [D.E. 24];

and the Court having considered the submissions in support of the motion, which reflect that Mr.

Tuck satisfies the requirements set forth in Rule 101.1(c) of the Local Rules of the United States

District Court for the District of New Jersey; and for good cause shown,

**IT IS** on this 5th day of June 2026,

**ORDERED** that the motion for the pro hac vice admission of T. Christopher Tuck, Esq.

[D.E. 24] is **GRANTED**; and it is further

**ORDERED** that Mr. Tuck, a member in good standing of the Bars of the States of South

Carolina and Wisconsin, be permitted to appear pro hac vice in the above-captioned matter

pursuant to Local Civil Rule 101.1(c); and it is further

**ORDERED** that, in connection with this admission pro hac vice, Mr. Tuck shall comply

with the following:

1. Abide by Local Civil Rule 101.1(c) and all rules of this Court, including all disciplinary rules;

2. Notify the Court immediately of any matter affecting his standing at the bar of any court;

3. Be deemed to consent to the appointment of the Clerk of the Court as the agent upon whom service of process may be made for all actions that may arise from his participation in this matter;

4. Make all required payments to the New Jersey Lawyers' Fund for Client Protection (the "Fund") in accordance with Local Civil Rule 101.1(c)(2) and New Jersey Court Rule 1:28-2(a), and continue to make payment, or cause payment to be made, for each calendar year in which he continues to represent Plaintiff before this Court. Moreover, in accordance with New Jersey Court Rule 1:21-2, pro hac vice counsel shall provide a copy of this order to the Fund with counsel's submission of all such payments; and

5. Pay $250.00 to the Clerk of the United States District Court for the District of New Jersey for admission pro hac vice in accordance with L. Civ. R. 101.1(c)(3), if he has not already done so in connection with this action; and it is further

**ORDERED** that movant Mitchell Breit, or another attorney associated with the Milberg firm who is admitted to practice law in this District, shall (a) be attorney of record in this case in accordance with L. Civ. R. 101.1(c); (b) be served all papers in this action and such service shall be deemed sufficient service upon pro hac vice counsel (c) sign all pleadings, briefs, and other papers submitted to this Court; (d) appear at all proceedings unless expressly excused by the

Court; and (e) be responsible for the conduct of pro hac vice counsel in this matter; and it is further

**ORDERED** that Mr. Tuck may file a request with the Clerk of Court, using the form made available on the District Court's website, for pro hac vice counsel to receive electronic notifications in this matter; and it is further

**ORDERED** a copy of this Order shall be served on all parties within seven (7) days of the date hereof.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge