HOGAN LOVELLS
CADWALADER

Hogan Lovells Cadwalader US LLP
200 Liberty Street
New York, NY 10281
T: +1 212 918 3067
F: +1 212 918 3100
www.hlc.com

September 30, 2026

**Via ECF**

Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07102

**Re: *Page v. Jaguar Land Rover N. Am., LLC*, Case No. 26-cv-03438-BRM-AME**

Dear Judge Martinotti:

I, along with other attorneys from Hogan Lovells Cadwalader US LLP, represent Jaguar Land Rover North America, LLC ("JLRNA") in the above-referenced action. Pursuant to the Court's Order (ECF No. 41), we write to provide the Court with an update on developments related to the pending vehicle recall at issue in this lawsuit.

As discussed in the premotion conference (ECF No. 29) and alleged in the SAC, *see, e.g.*, ECF No. 30 at 22–24 (SAC ¶¶ 69–77), the alleged automotive defect at issue in this putative class action is the subject of an ongoing recall conducted in connection with the National Highway Traffic Safety Administration ("NHTSA"). *Id.* ¶ 75.

Since the recall was launched in April 2026, significant efforts both to investigate the issues precipitating the recall and to develop potential remedies have continued. A recall remedy has now been developed.

Communications with NHTSA regarding the recall also have continued and remain ongoing. On September 17, 2026, JLRNA submitted to NHTSA a Part 573 Safety Recall Report providing, among other information, a section entitled, "Description of remedy program." This recall remedy will be made available to the vehicles previously recalled as well as vehicles identified for the first time in this Part 573 report. The Part 573 report also includes a chronology of events "[f]ollowing the decision to recall certain vehicles due to failure of the (phase 1) DCDC converter under JLR campaigns D126 & H575 (NHTSA reference 26V-248)."[1] On September 21, 2026, NHTSA issued an acknowledgement letter. Subject to the views of NHTSA, JLRNA currently anticipates that the recall remedy, including one or more vehicle software updates, will be made available beginning in late October 2026 and continuing through at least January 2027.

[1] *See* https://static.nhtsa.gov/odi/rcl/2026/RCLRPT-26V599-8186.pdf, at 6 (Sept. 17, 2026).

Pursuant to the Court's Letter Order (ECF No. 41), counsel for Plaintiff and JLRNA (the "Parties") have met and conferred regarding the potential effects on this litigation of the foregoing and the anticipated developments related to a forthcoming recall remedy. The Parties agree that, following the finalization and launch of the anticipated recall remedy, Plaintiff and JLRNA each will be better able to evaluate and to discuss any such effects, as well as the possibility of early resolution or dismissal (with a possible tolling agreement). The Parties also agree that it currently is premature to set a deadline for the filing of Plaintiff's Third Amended Complaint or a revised briefing schedule for JLRNA's motion to dismiss the SAC.

Given the ongoing communications with NHTSA and the anticipated launch of the recall remedy over the next several months, JLRNA respectfully requests that the Court issue an Order that:

> (1) leaves in place the existing stay issued by the Court's Letter Order (ECF No. 41), and
>
> (2) directs JLRNA to file, on or before January 29, 2027, if the existing stay remains in effect at such time, a letter providing an additional status update including: (i) available information regarding the nature of the recall remedy launched by that date; (ii) the status of any engagement with NHTSA regarding the recall; (iii) confirmation that the Parties have met and conferred about the anticipated recall remedy's effect, if any, on this litigation; (iv) whether the Parties have engaged in discussions about potential early resolution of this action; and, absent any resolution, (v) a proposed deadline for the filing of Plaintiff's Third Amended Complaint or a revised briefing schedule for JLRNA's motion to dismiss the SAC.

Plaintiff requests additional time to evaluate JLRNA's request. To accommodate Plaintiff's request, JLRNA has agreed to meet and confer again on or before October 26, 2026, to discuss additional information that may then be available. Plaintiff proposes that it will subsequently file with this Court, on or before October 30, 2026, a letter providing Plaintiff's position on whether the circumstances support leaving in place the existing stay.

The proposed stay and reporting provisions would avoid unnecessary motion practice and promote the principles of efficiency and judicial economy enshrined in Federal Rule of Civil Procedure 1.

Before submitting this letter, JLRNA conferred with Plaintiff's counsel who indicated that the letter accurately sets forth Plaintiff's position.

Please mark this letter "SO ORDERED" if the Court grants JLRNA's request.

Respectfully submitted,

Allison M. Wuertz
Partner

**SO ORDERED:**

________________________________
The Honorable Brian R. Martinotti
United States District Judge

Dated: